IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 14-22-RGA |
| COREY ROLLINS, | : | |
| Defendant. | : | |

MEMORANDUM ORDER

I sentenced Defendant on October 16, 2014. The sentence was ten years, but most of the time between then and now, Defendant was serving a state sentence. According to the Bureau of Prisons Inmate Locator, Defendant's expected release date is March 19, 2030.[1]

On about October 31, 2022, Defendant filed a motion seeking to have me appoint counsel so that he can argue for compassionate release[2] based on: (1) he was age 20 when he committed the offense, (2) he got a much longer sentence than the other participants in the offense, and (3) he has been rehabilitated. (D.I. 54). He states that "80%" of the people who attended his sentencing, including his mother, father, and sister, have since died. I considered the motion to be a compassionate release motion, although Defendant, months later, stated that it was not intended to be a compassionate release motion. (D.I. 65).

---

[1] Defendant appears to dispute that. (*See* D.I. 66). My understanding is that disputes about calculation of sentences, including credit for time served, if not resolved satisfactorily by the Bureau of Prisons administrative process, are resolved by a court in the district where a prisoner is incarcerated.

[2] The relevant statute, 18 U.S.C. § 3582(c)(1)(A), does not use the term "compassionate release." Instead, it talks about reducing a sentence based on "extraordinary and compelling reasons [that] warrant such a reduction."

Since I considered the motion to be a compassionate release motion, I needed to determine whether Defendant had exhausted his administrative remedies. I determined he had not, and so denied his motion without prejudice on December 15, 2022. (D.I. 57). On January 6, 2023, Defendant stated that he had "exhausted all [his] remedies for compassionate release." (D.I. 58). He again recited the same three reasons why he should be granted compassionate release. On January 23, 2023, Defendant filed a copy of correspondence with the Warden of his prison dated January 10, 2023, denying a request for compassionate release (based on the same three reasons) dated December 7, 2022. (D.I. 61). The Government agrees that the exhaustion requirement has now been met. (D.I. 63 at 4).

Defendant wants me to first address his request for appointment of counsel. (D.I. 65). I will do that. I start with the premise that whether to appoint counsel in a § 3582(c) compassionate release is discretionary, because there is no right to counsel in such a proceeding. *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021); *see United States v. Millhouse*, 2021 WL 3280789, *3 n.4 (3d Cir. Aug. 2, 2021) (citing *Manso-Zamora*).

I do not think appointment of counsel is warranted. At this point, Defendant has done nothing to show that a motion for compassionate release would have any merit.[3] But Defendant has not really been trying to do that. He has wanted a lawyer to do that. Defendant's

---

[3] For some period of time, it was clear that the grounds for compassionate release were extremely limited. Once it became clear that the grounds could be more expansive, there have only been two precedential Third Circuit opinions that have addressed the scope of what those grounds could be. *See United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021); *United States v. Claude*, 16 F.4th 422 (3d Cir. 2021). The holdings of those two cases did not do much to say what were permissible grounds. Instead, they identified three non-permissible theories. The one relevant to Defendant's case is that the "duration" of Defendant's sentence is not a basis for finding "extraordinary or compelling circumstances." *Andrews*, 12 F.4th at 261. Thus, I do not think "duration" recharacterized as "sentencing disparity" among co-defendants is a basis for compassionate release.

submissions show that he can clearly express himself. Defendant has a plan for what he wants to submit. There are no complex legal issues. The only investigation that needs to be done is something Defendant is perfectly capable of doing and documenting. I do not think there is going to be any need for credibility determinations or for testimony from expert witnesses. I doubt that Defendant can retain his own counsel, but I do not think he needs one. *See generally Tabron v. Grace,* 6 F.3d 147 (3d Cir. 1993).

Thus, I deny the pending motion (D.I. 58) inasmuch as it seeks appointment of counsel. To the extent it seeks any other relief, it is also denied, but without prejudice to Defendant filing a motion for compassionate release that includes all the information and documentation he wants me to have, including, for example, his educational, work, and other accomplishments while in prison.

IT IS SO ORDERED this 2 day of May 2023.

/s/ Richard G. Andrews
United States District Judge